

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-95,630-01

### EX PARTE STANLEY LEE JOHNSON, Applicant

### ON APPLICATION FOR WRIT OF HABEAS CORPUS
### IN CAUSE NO. 1087344-A IN THE 230TH DISTRICT COURT
### HARRIS COUNTY

**KELLER, P.J., filed a dissenting opinion in which SLAUGHTER, J., joined.**

### DISSENTING OPINION

Fifteen years after Applicant pled guilty to possession of PCP, testing showed the amount of the drug was less than what he pled to. But Applicant received the minimum sentence for possession of even the lower amount. Applicant isn't claiming that, had he known, he would have refused to plead guilty at all and insisted on a trial. And, importantly, the State abandoned the aggravating element of "intent to deliver" in exchange for Applicant's plea. Under these circumstances, we should not find his plea involuntary under *Mable.*

Applicant was charged with possession of 4 grams or more but less than 200 grams of PCP,

with intent to deliver. That offense was a first-degree felony,[1] with a punishment range of 5 to 99 years or life.[2] In 2006, in exchange for a plea of guilty, the State abandoned the "intent to deliver" element, making the offense a second-degree felony,[3] with a punishment range of 2 to 20 years.[4] The State also agreed to the minimum possible sentence—two years. At the time he pled guilty, Applicant had three prior convictions: a 2002 misdemeanor conviction for unlawfully carrying a weapon, a 2005 state-jail-felony conviction for possession of a controlled substance, and a 2005 misdemeanor assault conviction.

In 2021, the PCP that Applicant had possessed was tested, and the weight was found to be approximately 2.5 grams. That amount would make the possession offense a third degree felony,[5] with a punishment range of 2 to 10 years.[6] It would make possession with intent to deliver a second degree felony,[7] with the 2-to-20-year range of punishment.

In his affidavit, Applicant says, "Had I known that the evidence I was arrested with weighed only 2.518 +/- .02.6 grams, I would not have pleaded guilty to possession of 4 to 200 grams of a controlled substance (phencyclidine)." Given the two-year sentence he received, and the "intent to deliver" element the State abandoned, that allegation is not enough. Of course Applicant would not

---

[1] TEX. HEALTH & SAFETY CODE § 481.112(d).

[2] TEX. PENAL CODE § 12.32(a).

[3] TEX. HEALTH & SAFETY CODE § 481.115(d).

[4] TEX. PENAL CODE § 12.33(a).

[5] TEX. HEALTH & SAFETY CODE § 481.115(c).

[6] TEX. PENAL CODE § 12.34(a).

[7] TEX. HEALTH & SAFETY CODE § 481.112(c).

have pled guilty to possessing four grams or more of PCP in the face of scientific testing showing that the PCP weighed less, and the State would not have pursued such a charge. But that doesn't mean he would not have pled guilty at all, or even that he would not have pled guilty to a PCP charge of the same degree and with the same punishment. On this record, he certainly could have. The State was willing to agree to a two-year sentence. That could not happen with a first-degree felony charge, with its five-year minimum, so the State had to abandon the "intent to deliver" element to drop the punishment range to a minimum of two years. But if the substance had been found to be its current weight before the plea, there would have been no need to drop the "intent to deliver" element, because two years would have been within the punishment range. Under those circumstances, Applicant could still have pled to a second-degree felony (possession with intent to deliver the lower amount) and received a two-year sentence.

Even if we assume that Applicant thought the "intent to deliver" element couldn't be proven (which he hasn't alleged), there is still no reason to believe that Applicant would have passed up a two-year sentence when his exposure for possession of the lower amount was ten years and for "intent to deliver" the lower amount was twenty years. Applicant acknowledges that he was arrested with the PCP. He has given the Court no reason to think that he had any defense to possession. And he could not have gotten a lower sentence.

The only way Applicant could do "better" than a two-year sentence (if it really is better) would have been to get probation or deferred adjudication. Applicant hasn't alleged that he would have sought one of these options, and he hasn't presented any evidence that the State would have agreed to either of them. Both sides would have had reasons not to agree to either of these options. The State could have weighed Applicant's recent prior criminal record—including a controlled

substance offense committed just a year earlier—against probation. And for Applicant, signing on to probation or deferred adjudication would have posed serious risks of a much longer sentence on revocation than the two-year sentence he received.[8]

Applicant has not alleged that if he had known about the weight of the controlled substance, he would have rolled the dice and insisted on a trial. And even if he had, the statement would not be particularly credible since he has alleged no defense to the possession charge, he received the absolute minimum sentence, he would still have been exposed to a possible twenty-year sentence, and he had a recent prior criminal record. But he hasn't even alleged it.

The most we should do is reform the judgment from a second-degree offense to a third-degree offense. I am not sure that we should even do that because I am reasonably certain that, if Applicant had known the weight of the PCP at the time of the plea, he would still have pled guilty to and been convicted of a second-degree felony offense (possession with intent to deliver the lower amount). But I have no doubt at all that he would have pled to and been convicted of at least a third-degree felony. To wipe that felony away, with the possible effect of undoing other convictions based in part on it, would be a windfall Applicant does not deserve.

Filed: June 19, 2024
Publish

---

[8] A sentence as long as ten years could be assessed with the imposition of probation by a judge or a jury, TEX. CODE CRIM. PROC. art. 42.12, § 3(e)(1) (2006), to be served if the probation were ever revoked, and an adjudication of guilt would expose the defendant to the full range of punishment. *Id.*, § 5(b). Applicant's prior criminal record didn't reflect good prospects for completing a possibly ten year period of supervision. And knowing what we now know about the offenses for which he was later convicted—terroristic threat in 2008, possession of a controlled substance in 2009, reckless driving in 2013, and manufacture or delivery of a controlled substance in 2014—his probation would almost certainly have been revoked.